"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SARA B. DRASIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Operations, performing duties and functions not reserved to the Commissioner of Social Security,[1]<br>　　　　Defendant. | Case No. ED CV 16-00798-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Sara B. Drasin ("Plaintiff") appeals from the Social Security Commissioner's final decision denying her application for Supplemental Security Income ("SSI"). For the reasons discussed below, the Commissioner's decision is affirmed and this matter is dismissed with prejudice.

///

///

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Social Security Commissioner. Thus, she is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

# I.
# BACKGROUND

Plaintiff filed an application for SSI alleging disability beginning August 1, 1991. See Administrative Record ("AR") 16, 179. After her application was denied at both the initial and reconsideration levels, see AR 99-103, 105-10, she requested and received a hearing before an administrative law judge ("ALJ"). See AR 30-72, 111. At the hearing, the ALJ heard testimony from a vocational expert ("VE") and Plaintiff, who was represented by counsel. See AR 30-72. The ALJ granted Plaintiff's motion to amend her alleged onset date to July 27, 2010. See AR 35.

On August 15, 2014, the ALJ issued a written decision denying Plaintiff's claim for benefits. See AR 13. After finding that Plaintiff had the severe impairment of pervasive developmental disorder, the ALJ determined that her impairment did not meet or equal the severity of a listed impairment. See AR 18. He also found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but limited Plaintiff to simple and repetitive tasks, minimal contact with coworkers, and no contact with the public. See AR 20. In reaching this conclusion, the ALJ determined that Plaintiff's testimony and other statements about the extent of her limitations were "less than fully credible." AR 23. Based on Plaintiff's age, education, work experience, residual functional capacity, and the VE's testimony that Plaintiff could perform the representative occupations of hospital cleaner or garment sorter, the ALJ concluded that a finding of "not disabled" was warranted. AR 24-25.

On February 26, 2016, the Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-4. Plaintiff sought judicial review in this Court. See Dkt. 1.

## II.

## DISCUSSION

Plaintiff alleges that the ALJ erred in finding her symptom testimony not fully credible. See Joint Stipulation (Dkt. 36) ("JS") at 5.

### A. Applicable Law

The court engages in a two-step analysis to review the ALJ's evaluation of the plaintiff's symptom testimony. See Trevizo v. Berryhill, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether the plaintiff has presented objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. See id. If the plaintiff meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting the plaintiff's complaints. See Robbins v. Soc. Sec. Admin, 466 F.3d 880, 883 (9th Cir. 2006). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the [plaintiff's] complaints." Brown-Hunter v. Colvin, 806 F.3d 487, 493 (9th Cir. 2015) (as amended) (citation omitted). The ALJ may consider, among other factors, a plaintiff's reputation for truthfulness, inconsistencies in her testimony, inadequately explained failures to seek treatment or to follow a prescribed course of treatment, her work record, and her daily activities. See Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (as amended); Smolen v. Chater, 80 F.3d 1273, 1283-84, 1284 n.8 (9th Cir. 1996). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second[ ]guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

### B. Analysis

At her hearing, Plaintiff testified that she was unable to work because of her social anxiety and difficulty concentrating during long, repetitive tasks.

See AR 44-45, 59. Based on Plaintiff's testimony and self-reported functional limitations, the ALJ determined that while Plaintiff's impairment could reasonably be expected to cause the alleged symptoms, her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" for several reasons. AR 21.

First, the ALJ cited Plaintiff's history of limited treatment as a basis for discounting her symptom testimony. See AR 21. The ALJ noted that despite Plaintiff's claims of psychological difficulties and pervasive developmental disorder, "there is no evidence that the claimant received regular and ongoing specialized mental health treatment since her amended alleged onset date." Id. Indeed, by Plaintiff's own admission, she sees only medical doctors, "not psychologists or anything like that." AR 46. The record indicates that Plaintiff received therapy intermittently from 2000 through 2006. See, e.g., AR 247-48, 273. However, she told an evaluating psychologist that she no longer needed therapy in 2007. See AR 366. Thus, approximately three years passed between the last time she attended therapy and her alleged disability onset date. As the ALJ noted, Plaintiff did not receive the type of treatment expected of limitations as broad as those alleged. See AR 22. For example, Plaintiff explained that she did not take any medications for psychological problems. See AR 47. Similarly, while one psychologist concluded that therapy could help Plaintiff, she also found that Plaintiff exhibited "no neurological dysfunction or gross psychopathology." AR 368. Plaintiff's failure to seek treatment and conservative treatment recommendations by psychiatrists indicate that Plaintiff's emotional, behavioral, and social issues could likely be resolved with therapy and some medication. See, e.g., AR 247-48. The ALJ thus validly relied on Plaintiff's "unexplained, or inadequately explained, failure to seek treatment" in rejecting claimant's credibility. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); see also Tommasetti v. Astrue, 533 F.3d 1035,

4

1040 (9th Cir. 2008) (holding that ALJ may infer that claimant's "response to conservative treatment undermines [claimant's] reports").

Second, Plaintiff engaged in a "somewhat normal level of daily activity and interaction" that undermined the credibility of her allegedly disabling functional limitations. AR 22. Plaintiff reported that she could attend college classes, perform household chores, read, take care of pets, maintain her grooming and hygiene, use public transportation, make jewelry, maintain contact with friends, attend church regularly, get along with others, and follow instructions. See AR 201-08. While "[o]ne does not need to be 'utterly incapacitated' in order to be disabled," Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting Fair, 885 F.2d at 603), the extent of Plaintiff's activities support the ALJ's finding that the reported severity of her impairments was not fully credible. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (holding that ALJ may weigh inconsistencies between claimant's testimony and daily activities).

Third, Plaintiff made inconsistent statements regarding matters relevant to disability. For example, the ALJ contrasted Plaintiff's explanation that she has difficulty in large social settings with her admission that she uses public transportation and attends church regularly, both of which require being around large groups of people. See AR 20-22. Similarly, while Plaintiff testified that she was unable to concentrate without getting distracted, see AR 59, she also reported that she could pay attention for "an extremely long time, as long as needed," and finish what she starts, AR 206. Her foster mother of ten years also noted that Plaintiff is able to pay attention for "a long time" and finishes what she starts. AR 198. Additionally, while Plaintiff testified that she has tried looking for jobs, see AR 61-62, her foster mother wrote that she "has no ambition to get a job," AR 200. And while Plaintiff testified that she has a great deal of social anxiety and does not socialize often, see AR 46, 52-53, 57,

she reported that she speaks with her friends and mother on the phone, sees her friends at school, and attends church with no problems getting along with family, friends, neighbors, or others, see AR 205-06. These inconsistencies suggest that Plaintiff's mental symptoms are much less severe than alleged. See Light, 119 F.3d at 792; Tommasetti, 533 F.3d at 1039 (holding that ALJ may consider "prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid").

Fourth, the ALJ considered that Plaintiff alleged that she had sought employment after the alleged onset date, but noted that her inability to secure employment is "not the same as the inability to perform basic work activities if hired." AR 22. Plaintiff testified that she would "most likely take it" if someone offered her a job where she could work by herself. AR 60. She claimed that she has tried to look for work by applying to "multiple different places" but has not heard back. AR 61-62. The ALJ did not err in considering Plaintiff's unsuccessful job search in discounting her credibility. Based on the record, her failure to find work was more likely caused by her failure to make a concerted effort to work than by disabling symptoms that made her difficult to hire. See Thomas, 278 F.3d at 959 (finding that ALJ permissibly discounted claimant's credibility when claimant "had an 'extremely poor work history' and 'has shown little propensity to work in her lifetime'").

Finally, the ALJ considered that Plaintiff did not demonstrate any difficulty concentrating during the hearing. See AR 22. The transcript indicates that Plaintiff was able to process information appropriately and respond clearly to the ALJ's questions. See AR 42-62. Nothing suggests that Plaintiff was distracted or had difficulty engaging at any point during the hearing. The ALJ properly found that Plaintiff's demeanor at the hearing did not support the alleged severity of her limitations. When considered alongside the other reasons for partially discrediting Plaintiff's symptom testimony, the ALJ could

rely on Plaintiff's lack of apparent limitations at the hearing. See <u>Orn v. Astrue</u>, 495 F.3d 625, 639 (9th Cir. 2007) (ALJ's "observations of a claimant's functioning" at the hearing are permissible as part of the overall credibility assessment).

Having considered Plaintiff's lack of treatment, activities of daily living, inconsistent statements, incomplete job search, and demeanor at the hearing, the ALJ provided sufficiently specific, clear and convincing reasons for discounting Plaintiff's subjective complaints about the severity of her symptoms. Reversal is therefore not warranted.

## III.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: April 25, 2018

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge